### SCHMAL v. ROTHSCHILD.

(Supreme Court, Appellate Term. November 24, 1905.)

TRIAL—SUBMISSION OF CASE TO JURY—CONTRADICTING FACTS.

Where there are contradictions between the parties as to the facts in issue, the case must be submitted to the jury, although a verdict for plaintiff, if found, would have to be set aside.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Schmal against Maurice Rothschild. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Meyer London, for appellant.

Gay, Loewi & Ross, for respondent.

MacLEAN, J. It is alleged in the complaint that the defendant hired the plaintiff to work as a tailor from November 27, 1904, to May 1, 1905, and agreed to pay him $15 each and every week. The plaintiff did not strictly sustain this allegation, either by the testimony of himself or of any one else. Indeed, part of his testimony, taken literally, so contradicts his other utterances that it, with his agreement in writing, produced by the defendant, for work either by the piece or on a weekly salary, went far to support the contention of the defendant that he left of his own accord when he could not have his own way, and so left his case scantily sufficient in law to justify a verdict in his favor. The appearance of this may have been stronger on hearing his oral utterances, and have led the learned justice to his direction of a verdict. It transpires, however, upon perusal of the case, that enough may be pieced out to show contradictions between the parties as to the facts put

in issue, the terms of the hiring, and the ceasing to work because of discharge or because of abandonment, and so, under prevailing doctrine, the cause had needs be submitted to the jury, despite the fact that its verdict for the plaintiff, if found, would clearly have to be set aside. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs in the conclusion of MacLEAN, J.

SCOTT, P. J. (concurring).   I concur in the reversal of the judgment for the reasons given by Mr. Justice MacLEAN, but am not willing to go so far as to say that a verdict for plaintiff would certainly have to be set aside.